WOLF, J.
 

 Appellants, Gadsden Jai Alai, Inc. and Washington County Kennel Club, challenge a final order of the Department of Business and Professional Regulation, Division of Pari-Mutuel Wagering (DBPR), dismissing with prejudice appellants’ petition for administrative hearing based on a determination that appellants lacked standing. Appellants sought to challenge the issuance of a permit to Gretna Racing, LLC to conduct quarter horse racing. We affirm because the permitting statutes governing the issuance of permits for quarter horse racing facilities do not contemplate consideration of the economic interests of other types of pari-mutuel facilities.
 
 See Agrico Chem. Co. v. Dep’t of Envtl. Regulation,
 
 406 So.2d 478 (Fla. 2d DCA 1981) (finding in order to have standing to contest a permit application, a party’s substantial interests must be affected, meaning the party must demonstrate (1) the party “will suffer injury in fact”; and (2) the injury is “of a type or nature which the proceeding is designed to protect,” which may include economic interests if the permitting statute was “meant to redress or prevent injuries to a competitor’s profit and loss statement.”);
 
 Abbott Labs. v. Mylan Pharm., Inc., 15
 
 So.3d 642, 652 (Fla. 1st DCA 2009) (“Prior decisions in licensing or permitting cases have made it clear that a claim of standing by third parties based solely upon economic interests is not sufficient [to establish standing] unless the permitting or licensing statute itself contemplates consideration of such interests.... ”). We determine this case is unlike
 
 Boca Raton Mausoleum, Inc. v. State Department of Banking & Finance,
 
 511 So.2d 1060 (Fla. 1st DCA 1987), where the statutory permitting scheme reviewed specifically contemplated competition and impact on existing facilities would be considered.
 
 See also Abbott Labs.,
 
 15 So.3d at 652 (discussing the different and more stringent considerations for standing in licensing versus other types of administrative proceedings).
 

 Appellants raise a number of issues challenging DBPR’s determination that they lack standing, one of which we feel merits further discussion: whether parties whose substantial interests were not affected pursuant to the two-part test announced in
 
 Agrico Chemical Co.,
 
 406 So.2d 478, have standing to participate in an administrative proceeding when they raise constitutional challenges to statutory sections which they allege (1) directly affect the validity of the permit approval process; and (2) provide the basis for the argument that the statutory framework does not support consideration of their economic interests.
 

 Appellants’ constitutional challenges relate to sections of chapter 550, Florida Statutes, which they assert subject quarter horse permit applicants to more relaxed standards than those which are applicable to applicants for all other types of parimutuel facilities. These standards include exclusion from (1) mileage restriction between pari-mutuel facilities; (2) requirements relating to zoning; (3) requirements for financial stability; and (4) requirements for approval by county referendum. §§ 550.334(1), 550.334(4), 550.0651, Fla. Stat.
 

 Appellants correctly assert that parties with standing to initiate an administrative proceeding may raise constitutional issues within an administrative proceeding.
 
 Key
 
 
 *70
 

 Haven Associated Enters., Inc. v. Bd. of Trustees of Internal Improvement Trust Fund,
 
 427 So.2d 153, 157 (Fla.1982).
 
 Key Haven,
 
 however, specifically contemplates the party raising the constitutional challenge has an independent basis to participate in the administrative proceeding. In this case, as previously discussed, there is no independent basis for standing. We can find no case directly on point. While appellants’ arguments have some initial appeal, we determine the dangers of allowing parties to raise constitutional issues in order to gain standing to address other issues in the permitting process outweigh any arguable consideration of judicial economy. It is preferable under these circumstances to have the constitutional issues addressed in an independent circuit court proceeding.
 

 The decision of DBPR is AFFIRMED.
 

 PADOVANO and THOMAS, JJ, concur.