PER CURIAM.
 

 Appellant, Daytona Beach Kennel Club, Inc. [“DB Kennel Club”], challenges a final order of the Department of Business and Professional Regulation, Division of PariMutuel Wagering [“the Division”], dismissing with prejudice its petition for formal administrative hearing based on a determination that DB Kennel Club lacked standing. DB Kennel Club’s petition sought to challenge the issuance of a permit to De-bary Real Estate Holdings, Inc. [“De-Bary”] to conduct quarter-horse races in southwest Volusia County.
 

 On appeal, DB Kennel Club asserts that it has standing because it is substantially affected by the issuance of the permit to DeBary. DB Kennel Club further contends the Division lacked the authority to dismiss its petition without conducting a hearing. On the issue of standing, we conclude the Division properly applied
 
 Agrico Chemical Co. v. Department of Environmental Regulation,
 
 406 So.2d 478 (Fla. 2d DCA 1981), and correctly concluded that DB Kennel Club lacked standing to challenge the issuance of a pari-mutuel wagering permit to DeBary.
 
 See Gadsden Jai Alai, Inc. v. State of Florida, Dep’t of Bus. & Prof. Reg., Div. of Pari-Mutuel Wagering,
 
 26 So.3d 68 (Fla. 1st DCA 2010). We further find no error in the failure to refer the petition to the Division of Administrative Hearings to conduct a hearing. The issue of standing is normally a question of law, as it was in this case. Dismissal is appropriate where undisputed facts demonstrate that a party lacks standing.
 
 See Fla. Society of Ophthalmology v. State Bd. of Optometry,
 
 532 So.2d 1279 (Fla. 1st DCA 1988);
 
 Peace River/Manasota Reg’l Water Supply Auth. v. IMC Phosphates Co.,
 
 18 So.3d 1079, 1082-83 (Fla. 2d DCA 2009).
 

 AFFIRMED.
 

 GRIFFIN, PALMER and JACOBUS, JJ., concur.